UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOSEPH R. ZVOSECZ,

        Plaintiff,


                                        Civil Action 2:13-cv-874
      v.                                    Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Elizabeth P. Deavers


COUNTRY CLUB RETIREMENT
CENTER, LLC, *et al.*,

        Defendants.


## OPINION AND ORDER

Plaintiff, Joseph R. Zvosecz, brings this wrongful termination action against Defendants,

Country Club Retirement Center IV, LLC, Holland Management, Inc., and Janet Harris

(collectively "Defendants"), alleging violations of the Family Medical Leave Act, 29 U.S.C.

2615 *et seq*. ("FMLA"), and asserting state-law disability discrimination and wrongful

termination claims.  This matter is before the Court for consideration Plaintiff's Motions to

Compel (ECF Nos. 38, 39, and 40) and Defendants' Memoranda in Opposition (ECF No. 46, 48,

and 49).  For the reasons that follow, Plaintiff's Motions are **DENIED**.

## I.

### A.    Background

Jack Holland founded Defendant Holland Management, an entity that now manages

several companies that operate in a variety of industries, including housing, health care, and

property management.  Defendant Janet Harris is the Chief Executive Officer of Holland

Management. Holland Management manages four Country Club Retirement Campuses ("CCRC"), each of which has its own on-site management and personnel who perform human resources functions. Plaintiff was employed as an administrator at one of these campuses, namely, the Bellaire campus ("CCRC-Bellaire") until February 2012. According to Defendants, although Plaintiff was removed as an administrator, he remained employed with Defendants until they learned that Plaintiff had accepted full-time employment at a competitor's facility.

Plaintiff filed the instant action in September 2013. In his Complaint, Plaintiff asserted three claims. He first asserted a claim of wrongful termination in violation of public policy, alleging that Defendants terminated him for preventing or stopping unlawful practices at the nursing home. These alleged unlawful practices included using improperly or uncertified employees to provide patient care, improperly charging classroom fees, and improperly submitting bills to Medicaid for repackaged medication. Plaintiff also asserted a state-law disability discrimination claim, alleging that Defendants terminated him as a result of his diagnosis of multiple sclerosis ("MS"). Finally, Plaintiff asserted a claim under the FMLA, alleging that Defendants placed him on FMLA leave involuntarily when he was not eligible and wrongfully invoking FMLA's "key employee" provision to deny his requests for restoration to his position as an administrator.

**B.      Plaintiff's Motions to Compel**

Plaintiff has filed three Motions to Compel. In these Motions, Plaintiff seeks a Court Order compelling Defendants to fully respond to a number of outstanding requests for production of documents. Specifically, Plaintiff posits that Defendants' responses to the following discovery requests are deficient:

**REQUEST FOR PRODUCTION NO. 38:**

2

Please produce all management agreements between CRCC-Bellaire and Holland Management, or any other entity, in effect between 2006 and the present.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all "patient care document policies" and "other facility policies" referenced in Paragraph E of Section I of the Corporate Compliance Plan of Country Club Retirement Center produced by Defendants under bates label CCRC00239.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce the complete "monthly report card" for CRCC—Bellaire (referenced by Janet Harris in her deposition of July 14, 2014, as a "variance") for each of the months of 2006 to the present, including all explanations, notes, census figures and below-the-line items.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all monthly census reports for CCRC—Bellaire indicating payor source and occupancy for February 2006 to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce all operating budgets and labor budgets, including the formulas used to calculate all line items, for years 2008 to present.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all Family Medical Leave Act notices or forms (including but not limited to form WH-381) provided between 2006 and 2013 by CCRC (all CCRC campuses or companies) or Holland Management to any employee of CCRC (all CCRC campuses or companies) or Holland Management that were not requested by the employee or were provided to the employee before the employee provided all medical certification of his or her need or potential need for leave under the Family Medical Leave Act.

**REQUEST FOR PRODUCTION NO. 55:**

3

Please produce all Family Medical Leave Act notices or forms (including but not limited to form WH-381) provided by CCRC (all CCRC campuses or companies) or Holland Management in response to CCRC's or Holland Management's perception, belief, or information that the employee could benefit from FMLA leave or "might be eligible for" as testified by Janet Harris in her July 13, 2014 depsition (pages 64, 162-167).

**REQUEST FOR PRODUCTION NO. 63:**

Please produce all FMLA forms or notices of Holland Management or CCRC issued, provided, or sent to anyone between 2006 and the present day on which Jack Holland's name appears anywhere and all correspondence of communication regarding leave, medical leave, of FMLA leave on which Jack Holland's name appears anywhere between 2006 and the present day.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce all CCRC-Bellaire billings for each patient receiving Medicare Part A inpatient services for each day of Medicare Part A inpatient services rendered by CCRC-Bellaire for each year from January 1, 2005, to December 31, 2012.

**REQUEST FOR PRODUCTION NO. 66:**

Please produce all CCRC-Bellaire billings for each patient receiving Medicare Part C inpatient services for each day of Medicare Part C inpatient services rendered by CCRC-Bellaire for each year from January 1, 2005, to December 31, 2012.

**REQUEST FOR PRODUCTION NO. 67:**

Please produce all CCRC-Bellaire billings for each patient receiving services under a contractual arrangement who would otherwise qualify for Medicare Part A services for each year from January 1, 2005, to December 31, 2012.

**REQUEST FOR PRODUCTION NO. 68:**

> For each of the above Requests, produce documents evidencing the Resource Utilization Group (RUG) category in effect at the time services were rendered, the dollar value of the resident classification in the RUG category, the dollar amount received for each inpatient day billed, and the dates inpatient services were rendered.

Defendants oppose Plaintiff's Motions on a variety of grounds as discussed more fully below.

## II.

Plaintiff has moved the Court for an order compelling Defendant to respond to his discovery requests. Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case.

Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of

discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

### III.

The Court considers each of each of the at-issue requests for production of documents in turn.

### A.    Request for Production No. 38

According to Plaintiff, he limited the scope of this request to management agreements between Holland Management and the four CRCCs.  Defendants produced a January 2005 agreement between Bellaire and Holland Management, representing that although the agreement has been modified or scrapped in practice, it is the most recent agreement in existence. Defendants declined to produce any agreements between Holland Management and the other CRCCs, asserting that the other CRCCs are private entities not named as parties in this action and any agreements they may have had with Holland Management have no bearing on Plaintiff's former employment of Holland Management.

The Court agrees.  Plaintiff's contention that he seeks the agreements between Holland Management and other entities to show that Jack Holland is still a decision-maker is unavailing given that Holland Management's agreements with the other CRCC's would have no bearing on what authority Jack Holland had at CRCC-Bellaire.  Accordingly, Plaintiff's request to compel supplementation of Request for Production Number 38 is **DENIED**.

6

**B.      Request for Production No. 39**

Given that this request encompassed several hundred policies, Defendants provided Plaintiff with the table of contents that listed all of their policies.  The parties agreed to limit the scope of the request to specific policies relating to the allegations of non-compliance set forth in the Complaint.  Upon review of the table of contents, Plaintiff flagged sixty-three policies that he thought might relate to his allegations.  Defendants subsequently reviewed each of the policies and produced two policies, representing that the other flagged policies did not relate to the allegations in the Complaint.

Plaintiff objects on the grounds that he believes that Defendants unfairly filtered out information.  He asserts that Defendants should be compelled to produce all sixty-three policies. In their memorandum in opposition, Defendants point out that Plaintiff admitted in his deposition that no compliance violation occurred.

The Court declines to compel Defendants to produce policies they have determined are unrelated to the allegations in the Complaint.  First, beyond asserting that Defendants should not be permitted to determine what is relevant, Plaintiff fails to develop his argument.  For example, he fails to state what particular policies Defendants omitted and why he believes those policies are relevant.  Second and more significantly, the allegations in Plaintiff's Complaint focus on Defendants' alleged violations of state and federal statutes and regulations, not internal policies. (Compl. ¶¶ 12–17, ECF No. 3.)  These state and federal statutes and regulations are readily available to Plaintiff.  Accordingly, Plaintiff's request to compel supplementation of Request for Production Number 39 is **DENIED**.

**C.    Requests for Production Nos. 44, 48, and 49**

In response to Request for Production Number 44, Defendants produced the variance reports for 2011, which they had retained because they relied upon those reports for an employment-related decision.  Defendants represented to Plaintiff that they did not produce variance reports for other years because the reports were not maintained in the normal course of business and recreating them would be unduly burdensome.  Defendants did, however, produce all of the performance documentation that Ms. Harris relied upon to remove Plaintiff as administrator at CCRC-Bellaire.  This included annual data reflecting the average daily revenue, average daily facility expenses, and average daily income.  In addition, Defendants produced more than 600 pages of Medicare/Medicaid documentation for the relevant time period.

In response to Requests for Production Number 48 and 49, Defendants represented that they did not keep the monthly summary data that Plaintiff requested in the normal business course.  Defendants did, however, produce documents that they had maintained that reflected the annual census data for the years 2007-2011, as well as public reports containing additional census information.  In addition, Defendants produced labor documentation that included detailed operating and labor costs.  Defendants again pointed out that the decision-maker reviewed Plaintiff's performance on a per annum basis.

The Court declines to order Defendants to create new documents for purposes of discovery, especially given that they have produced all of the documentation upon which Ms. Harris relied to remove Plaintiff as administrator at CCRC-Bellaire.  *See Miller v. Experian Info. Sol., Inc.*, No. 3:13-cv-90, 2014 WL 5513477, at *2 (S.D. Ohio Oct. 31, 2014) ("Parties have no duty to create documents simply to comply with another party's discovery request.");

*Smallwood v. Collins*, No. 2:08–cv–679, 2010 WL 2044953, at *3 (S.D. Ohio May 21, 2010)("Defendants have no duty to create a report for Plaintiff . . . .").  Accordingly, Plaintiff's request to compel supplementation of Requests for Production Numbers 44, 48, and 49 are **DENIED**.

### D.    Requests for Production Nos. 54, 55, and 63

In a nutshell, Requests for Production Numbers 54 and 55 seek production of any *unsolicited* FMLA notices or forms that Holland Management or any of the four CCRC campuses unilaterally sent to an employee.  Plaintiff maintains that these requests are relevant to determine whether Holland Management complied with its own policies and practices about which Defendant Harris testified.  Request for Production Number 63 seeks production of any FMLA notices or forms from Holland Management or the four CRCCs upon which Jack Holland's name appeared.  Plaintiff maintains that this request is relevant because Jack Holland's name is on the FMLA form he received, and none of Defendants' witnesses could explain why his name was on the form.  Plaintiff seeks production of the requested forms to discern whether Jack Holland's name appeared on those, too.

In their supplemented responses, Defendants represented that the processing of FMLA forms for CCRC employees occurs at the local level, with each local administrator or crew director operating as the decision-maker.  Defendants further explained that Holland Management handled Plaintiff's FMLA paperwork because he was an administrator.  Defendants therefore submit that to the extent any production of other FMLA forms is warranted, it should be limited to forms processed by Holland Management because employees of the four CRCC's would not be similarly situated.  Citing testimony from its former human resources director, Barb Bowers, Defendants represent that Holland Management did not have any other situations

involving FMLA leave that were similar to Plaintiff's situation.  Indeed, Ms. Bowers testified that during the relevant time period, she did not process any employee's FMLA leave request. (Bowers Dep. 25–26, ECF No. 48-2.)  Defendants further maintain that Plaintiff's request is unduly burdensome given that they do not maintain a centralized FMLA system.  Defendants explain that in order to identify responsive FMLA forms and notices, they would need to manually search through the personnel files of "*hundreds and hundreds* of former and current employees."  (Defs. Mem. in Opp. to Pl.'s Mot. to Compel 9, ECF No. 48-1.)

The Court declines to order Defendants to manually search through hundreds of CRCC personnel files for FMLA notices and forms.  The Court agrees that the only relevant FMLA forms and notices would be those processed from Holland Management given that the forms, processes, and decision-makers at the four CRCCs are completely separate.  But Defendants cannot produce that which they do not have.  Consistent with Ms. Bowers' deposition testimony, Defendants represent that no responsive forms and notices exist.  Accordingly, Plaintiff's request to compel responses to Requests for Production Numbers 54, 55, and 63 is **DENIED**.

## E.     Requests for Production Nos. 65, 66, 67, and 68

According to Plaintiff, the requested documentation is relevant to show that Defendants' assertion that he was terminated for poor performance is a pretext.  Plaintiff explains that the requested information will reflect an important component of revenue, namely Medicare reimbursement rates to CCRC-Bellaire.  Plaintiff submits that the drop in revenue to CRCC-Bellaire during the relevant time period is attributable, in part, to reduced reimbursement rates and not to his poor performance.

Defendants objected to Plaintiff's requests on the grounds of relevance, overbreadth, confidentiality, and undue burden.  Defendants represent that the requested documentation

contains confidential patient data that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Defendants assert that redaction of the Protected Health Information ("PHI") constitutes and undue burden and expense. In further support of their argument of undue burden, Defendants point out that Plaintiff requests the individual bill information for each patient of CCRC-Bellaire for an eight-year time period. Defendants represent that at any given time, CCRC-Bellaire could have up to one-hundred residents. Defendants further argue that the requested information is of little relevance. More specifically, Defendants point out that this is a wrongful termination case and that none of the counts or allegations relate to individual patient billing records. Defendants explain that instead, Plaintiff's performance was evaluated on a facility-wide basis rather than a per patient basis. On this note, Defendants point out that more than six-hundred pages of summary data have been produced, including internal documents and Medicare/Medicaid documentation that contain financial data. Finally, Defendants again point out that all of performance data upon which Ms. Harris actually relied has been produced.

The Court declines to Order Defendants to produce the documentation Plaintiff seeks in Production Numbers 65, 66, and 67. For the reasons Defendants set forth, the Court agrees that the documentation is of only slight relevance, if any, and is outweighed by the enormous burden to review and redact PHI contained in the requested daily patient billing records. Accordingly, Plaintiff's request to compel responses to Requests for Production Numbers 65, 66, and 67 is **DENIED**.

### III.

For the reasons set forth above, Plaintiff's Motions to Compel are **DENIED**. (ECF Nos. 38, 39, and 40.)

**IT IS SO ORDERED.**


Date: April 30, 2015                                     \_\_\_\_\_/s/ *Elizabeth A. Preston Deavers*\_\_\_\_\_
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge